14 CV 8643

JUDGE GRIESA

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Deirdre Aaron
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**OUTTEN & GOLDEN LLP**
Jahan C. Sagafi
(*pro hac vice* application forthcoming)
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810

**KENNEDY HODGES, L.L.P.**
Galvin B. Kennedy
(*pro hac vice* application forthcoming)
Don J. Foty
(*pro hac vice* application forthcoming)
711 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| **MICHAEL WALSH, on Behalf of Himself and All Others Similarly Situated,** **Plaintiff,** **v.** **GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.,** **Defendants.** | CIVIL ACTION NO. _____ **COLLECTIVE ACTION COMPLAINT** |

## COLLECTIVE ACTION
## COMPLAINT & JURY DEMAND

Plaintiff Michael Walsh, on behalf of himself and all others similarly situated, alleges the following:

### NATURE OF THE ACTION

1.    This is a pay rate dispute between Plaintiff and Defendants. Plaintiff Michael Walsh is a non-exempt former employee of Defendants Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. (together, "Goldman") who worked more than forty hours in a

workweek as an analyst and as an associate for Goldman.  Goldman required and/or permitted

Plaintiff to work in excess of forty hours per week; however, Goldman failed to compensate

Plaintiff at the rate of one and one-half times his regular rate of pay for all hours over forty.  In

summary, Plaintiff claims that his pay rates would have been higher had Goldman complied with

the law.  Because Goldman did not comply with the law, Plaintiff was paid at rates less than

what the law requires and thus, he is owed damages.

2.      Goldman's conduct violates the Fair Labor Standards Act ("FLSA"), which

requires non-exempt employees to be compensated for overtime work at the FLSA mandated

overtime wage rate.  29 U.S.C. § 207(a).

3.      Goldman likewise does not pay proper overtime compensation to other similarly

situated workers.  Plaintiff brings a collective action to recover unpaid overtime compensation

owed to him and on behalf of all other similarly situated employees, current and former, who

worked for Goldman any time during the three years prior to the filing of this lawsuit.  Potential

Members of the Collective Action are hereinafter referred to as "FLSA Class Members."

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction over the subject matter of this action

pursuant to 28 U.S.C. § 1331 and section 216(b) of the FLSA, 29 U.S.C. § 216(b) .

5.      This Court has personal jurisdiction over Goldman because Goldman

purposefully availed itself of the privileges of conducting activities in the state of New York and

established minimum contacts sufficient to confer jurisdiction over Goldman.  The assumption of

jurisdiction over Goldman will not offend traditional notions of fair play and substantial justice

and is consistent with the constitutional requirements of due process.

6.       Goldman had and continues to have continuous and systematic contacts with the state of New York sufficient to establish general jurisdiction over it.  Specifically, Goldman conducts and/or conducted business in New York by providing banking, securities and investment management services throughout New York.

7.       Goldman employs workers and contracts with residents and businesses in New York.

8.       Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(d) because Defendants reside in the Southern District of New York.

## THE PARTIES

### *Plaintiff*

9.       Plaintiff Michael Walsh is an individual residing in Davis County, Utah.  During the relevant period, said Plaintiff was employed by Defendants as an analyst and as an associate.

10.      At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA.

11.      Plaintiff's written consent form to this action is attached hereto as Exhibit "A."

### *Defendants*

12.      Defendant Goldman, Sachs & Co. is a domestic limited partnership doing business in the state of New York.  Said Defendant may be served with process by serving the its Executive Vice President and General Counsel at its principal place of business as follows: Goldman, Sachs & Co., 200 West Street, New York, New York 10282.

13.      Defendant The Goldman Sachs Group, Inc. is a foreign business corporation doing business in the state of New York.  Said Defendant may be served with process by serving

its registered agent as follows:  CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

14.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

15.     At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

16.      At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

17.      At all material times, Plaintiff and FLSA Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

18.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

19.     Defendants represent themselves to the general public as one company—Goldman Sachs—operating at multiple locations.  They share employees, have a common management, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name.  Defendants advertise together on the same website, provide the same array of services to its customers, and use the same business model. Defendants provide the same service product to its customers by using a set formula when conducting its business.  Part of that set formula is the wage violation alleged in this complaint. These facts represent a classic example of "corporate fragmentation."

20.     Additionally, Defendants are subject to common control and management.

21.     Thus, Defendants formed a "single enterprise" and are each liable for the violations of the other.

22.     Moreover, Defendants formed a joint employment relationship with respect to the Plaintiff and FLSA Class Members.

23.     Defendants had an interrelation of operations between the companies, centralized control of labor relations, common control, and a common business purpose.

24.     Defendants controlled the hours to be worked by Plaintiff and FLSA Class Members.

25.     Defendants had a common business purpose to provide banking, securities and investment management services to its customers.

26.     Defendants' operations were unified and Defendants shared control over the work of Plaintiff and FLSA Class Members. Thus, Defendants are each directly liable for the violations in this case.

## COLLECTIVE FACTUAL ALLEGATIONS

27.     Plaintiff brings this action on behalf of himself and all persons who were, are, or will be employed by Goldman as nonexempt employees paid half time for overtime hours worked at any time within the three years prior to the filing of the initial Complaint through the date of the final disposition of this action.

28.     Plaintiff and FLSA Class Members were classified as nonexempt employees.

29.     Plaintiff and FLSA Class Members are not exempt from overtime compensation.

30.     During the relevant time period, Goldman compensated Plaintiff and FLSA Class Members half time for overtime hours worked.

31.     However, this method of payment violated the FLSA.

32.    Plaintiff claims that his pay rates would have been higher had Goldman complied with the law.

33.    Because Goldman did not comply with the law, Plaintiff and FLSA Class Members were paid at rates less than what the law requires and thus, they are owed significant damages.

34.    The fluctuating workweek method, when properly implemented, allows an employer to pay its non-exempt employees at one-half (½) the employees' regular rates of pay (the "half time" premium) for any hours worked over 40 as opposed to paying the employees one and one-half (1 ½) times their regular rates of pay.

35.    Under the FLSA, Section 778.114 is the regulation governing the fluctuating workweek method of pay.  Section 778.114 provides, in pertinent part, as follows:

> Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay.

29 C.F.R. § 778.114(a).

36.    Thus, to utilize the fluctuating workweek ("FWW") method, the following elements must be satisfied:

(1) the employee's hours fluctuate from week to week,

(2) there is a clear mutual understanding amongst the employee and employer,

(3) that the employee will receive a fixed salary,

(4) for every hour worked, and

(5) the amount of the salary provides compensation to the employee at least at the minimum wage rate for all hours worked.

37.     Here, Goldman established a fixed rate of pay for the Plaintiff and FLSA Class Members.

38.     The fixed rate of pay was based upon a forty hour workweek.

39.     The Plaintiff's and FLSA Class Members' rates of pay did not vary based upon the number of hours they worked each week.

40.     In fact, Goldman explained to the Plaintiff and FLSA Class Members that they were entitled to overtime, and showed their fixed, unvarying hourly rates on their pay stubs each pay period.

41.     However, Goldman paid Plaintiff and FLSA Class Members one-half (½) their rate of pay for every hour worked over forty each week instead of one and one-half (1 ½) times their rate of pay.

42.     Also, during the relevant time period, Goldman paid Plaintiff and FLSA Class Members supplementary payments and bonuses in addition to their regular salary.

43.     The amount of the supplementary payments and bonuses that Plaintiff and FLSA Class Members received varied from week to week.

44.     Consequently, the gross amounts that Plaintiff and FLSA Class Members received each week were not fixed, as the law requires.

45.     Additionally, the supplementary payments and bonus payments were not factored into the regular rates of pay for the Plaintiff and FLSA Class Members.

46.     Thus, Plaintiff and FLSA Class Members were paid overtime at rates less than what is mandated under the FWW method of pay.

47.    Further, Goldman made deductions from the pay of the Plaintiff and FLSA Class Members that were impermissible under the FWW method.

48.    Given that Goldman failed to properly implement the fluctuating workweek method, Plaintiff and FLSA Class Members were denied overtime at the rates mandated under the FLSA.

49.    Specifically, Plaintiff and FLSA Class Members received compensation at rates less than one and one-half their regular rates of pay for those hours worked over forty. Goldman's method of paying Plaintiff and FLSA Class Members was in violation of the FLSA and was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

50.    Plaintiff has knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty hours per workweek.  That is, Plaintiff worked with other employees of Goldman who were paid half time for overtime hours worked in violation of the law.

51.    Other employees similarly situated to Plaintiff work or have worked for Goldman, but were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded forty hours per workweek.

52.    Although Goldman permitted and/or required FLSA Class Members to work in excess of forty hours per workweek, Goldman has denied them full compensation for their hours worked over forty per week.

53.    FLSA Class Members have worked in excess of forty hours during a workweek.

54.     FLSA Class Members are not exempt from receiving overtime at the federally mandated wage rate under the FLSA.

55.     As such, FLSA Class Members are similar to Plaintiff in terms of their legal claims.

56.     Goldman's failure to pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices.

57.     The specific job titles or precise job responsibilities of each FLSA Class Member do not prevent collective treatment.

58.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

59.     Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula.  The claims of all FLSA Class Members arise from a common set of facts.  Liability is based on a systematic course of wrongful conduct by Goldman that harmed all FLSA Class Members.

60.     As such, Plaintiff brings his FLSA overtime claims as a collective action on behalf of the following class:

> **All current and former Goldman nonexempt employees who were paid for at least one week half time for overtime hours worked during the three-year period prior to the filing of this complaint to the present.**

61.     On information and belief, there are hundreds of FLSA Class Members similarly situated to Plaintiff. The identity of the members of the class is readily discernible from Defendants' records.

## <u>COUNT ONE: VIOLATION OF 29 U.S.C. § 207</u><br><u>(COLLECTIVE ACTION)</u>

62.     Plaintiff and FLSA Class Members incorporate all allegations contained in the foregoing paragraphs.

63.    Goldman's practice of failing to pay Plaintiff and FLSA Class Members the time-and-a-half rate for hours in excess of forty per workweek violates the FLSA. 29 U.S.C. § 207.

64.    Plaintiff and FLSA Class Members are entitled to recover their unpaid overtime compensation.

65.    Plaintiff and FLSA Class Members are entitled to an amount equal to all of their unpaid overtime wages as liquidated damages. 29 U.S.C. § 216(b).

66.    Plaintiff and FLSA Class Members are entitled to recover attorney's fees and costs as required by the FLSA.  29 U.S.C. § 216(b).

## JURY DEMAND

67.    Plaintiff and FLSA Class Members hereby demand trial by jury on all issues.

## PRAYER FOR RELIEF

68.     For these reasons, Plaintiff respectfully request that judgment be entered in his favor, awarding him and the FLSA Class Members the following relief:

a)    Unpaid overtime compensation for all hours worked over forty hours in a workweek at the applicable time-and-a-half rate;

b)    An equal amount of unpaid wages as liquidated damages as required under the FLSA;

c)    Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

d)    Such other relief to which Plaintiff and FLSA Class Members may be entitled, at law or in equity.

Dated: New York, New York
      October 30, 2014

By: _____
**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Deirdre Aaron
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone:  (212) 245-1000
Facsimile:  (212) 977-4005

**OUTTEN & GOLDEN LLP**
Jahan C. Sagafi
(*pro hac vice* application forthcoming)
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810

**KENNEDY HODGES, L.L.P.**
Galvin B. Kennedy
(*pro hac vice* application forthcoming)
Don J. Foty
(*pro hac vice* application forthcoming)
711 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

*Attorneys for Plaintiff and the Proposed*
*FLSA Collective*

# Exhibit A

## CONSENT TO BECOME A PARTY PLAINTIFF

Name: Michael Walsh

1.    I consent and agree to pursue my claims of unpaid overtime and/or minimum wage through the lawsuit filed against my employer.

2.    I understand that this lawsuit is brought to recover unpaid wages under the Fair Labor Standards Act and/or any applicable state laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3.    I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. I agree to serve as the class representative if the court approves. If someone else serves as the class representative, then I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4.    In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) _____    (Date Signed) 04/24/2014

The information provided below will not be filed with the court:

Printed Name: Michael Walsh

REDACTED

Employment Dates: Start: 07/03/2006 End: 07/01/2013

Location: Salt Lake City

Position: Associate