# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

AGREEMENT, made as of February 18, 2015 (the "Agreement"), between Michael Walsh ("Walsh") on the one hand, and Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. (collectively "Goldman Sachs" or the "firm") on the other hand.

WHEREAS, Walsh is a former employee of Goldman Sachs; and

WHEREAS, Walsh filed a lawsuit in United States District Court for the Southern District of New York against Goldman Sachs, *Michael Walsh et al. v. Goldman, Sachs & Co. and The Goldman Sachs Group, Inc.*, No. 14-cv-08643(TPG) (the "Lawsuit"); and

WHEREAS, Goldman Sachs denies Walsh's claims and specifically denies that its conduct was in any way wrongful or that it violated any law, statute, contract, rule or policy, with respect to Walsh's employment;

WHEREAS Goldman Sachs is entering into this Agreement solely because the value of the payment to be made pursuant to this Agreement is substantially outweighed by the burden and cost of successfully defending potential future proceedings; and

WHEREAS, the parties are desirous of settling all matters and controversies between them without further proceedings or delay.

NOW, THEREFORE, in consideration of the mutual promises contained herein, and other good and valuable consideration, the parties agree as follows:

1. <u>Dismissal of Lawsuit.</u>  Walsh agrees to dismiss the Lawsuit with prejudice.  Counsel for the parties will seek court supervision of the dismissal of the Lawsuit and the release of claims pursuant to section 2 below.

(a) <u>Effective Date of Agreement</u>.  The Effective Date of this Agreement is the date the Court signs and enters an order granting dismissal of the FLSA claims in the Lawsuit.

(b) <u>Payment</u>.  Within 10 business days after the Effective Date of this Agreement, Goldman Sachs will pay Walsh $2,500.00, less applicable withholdings.

2.  <u>Release</u>.  In consideration of the payments provided herein, Walsh, for himself and his heirs, executors, administrators, successors and assigns, knowingly and voluntarily waives and releases forever whatever claims, whether known or unknown, he ever had or now has against The Goldman Sachs Group, Inc., any parent, subsidiary or affiliate, and any predecessor or successor entities, including without limitation Goldman, Sachs & Co. (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of his signature on this Agreement, including but not limited to claims based upon or relating to Walsh's hire by Goldman Sachs, any aspect of the work Walsh performed, Walsh's employment relationship with Goldman Sachs, the wages paid to Walsh, or the termination of Walsh's employment and including all claims that were or could have been made in the Lawsuit.  This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance, and for wages, including claims arising under the FLSA and any other state or

municipal wage laws.  Walsh is not waiving any rights that cannot be waived by law but does forever waive his right to recover any damages should any state, local or federal agency ever pursue a claim on Walsh's behalf against the Released Parties relating to any matter whatsoever, to the date of this Agreement

   3. <u>No Liability</u>.  Goldman Sachs expressly denies liability for any and all claims asserted by Walsh.

   4. <u>Confidentiality</u>.  In connection with Walsh's employment with Goldman Sachs, he has had access to non-public information and materials concerning the business affairs of the Group, or its present or former partners, managing directors, shareholders, employees, agents, directors, officers, clients, or other third parties or the personal affairs of such individuals ("Confidential Information and Materials"), as well as other information and materials relating to the Group or its people that Walsh is expected to handle discreetly.  Walsh agrees that he will hold all Confidential Information and Materials in strict confidence and that he will not give, disclose, copy, reproduce, sell, assign, license, market or transfer Confidential Information and Materials to any person, firm or corporation, nor allow anyone to do so on his behalf.  Walsh further confirms that he has returned to Goldman Sachs all originals and copies of documents that he is aware of relating to Goldman Sachs or containing or derived from Confidential Information and Materials which are in his possession or control.  Walsh agrees that, except as required by law or otherwise set forth in this Agreement, he will not discuss with or disclose to any other person any of the facts or allegations underlying the Charge.

   Walsh acknowledges that Goldman Sachs will be entitled to obtain injunctive relief to enforce his obligations under this section.  Walsh's representations with respect to

and adherence to the terms of this section are a significant element of the consideration for Goldman Sachs' promises under this Agreement.  Walsh agrees that in the event of a breach by him of any of his obligations under this Agreement, Goldman Sachs will have no further obligations to him under this Agreement and, to the extent permissible by law, Walsh will receive no further amounts hereunder.  Goldman Sachs retains its right to pursue additional remedies for such breach.

5. <u>Counsel</u>.  Walsh and Goldman Sachs acknowledge having been represented by counsel in connection with their decision to enter into this Agreement.

6. <u>Nondisparagement and Cooperation with the Group</u>.  Walsh agrees that he will not make any oral or written negative, derogatory or disparaging statement (whether or not such statement legally constitutes libel or slander) about Goldman Sachs or the Group, about the terms or termination of his employment, or about any of the Group's present or former partners, managing directors, shareholders, employees, agents, directors, officers, or clients.  Goldman Sachs will refer inquiries or requests for references from third parties about Walsh without comment to the firm's Human Capital Management Division, which provides information regarding only period of employment, title, and in certain cases compensation level.

Walsh also agrees that he will reasonably cooperate with the Group and its respective counsel in connection with any internal, governmental or regulatory investigation and any regulatory or judicial administrative proceeding, arbitration or litigation relating to any matter that occurred during his employment in which he was involved or of which he has knowledge.  The firm will reimburse Walsh for reasonable expenses (other than attorney's fees) incurred by him in complying with this provision.  Notwithstanding any

4

foregoing language to the contrary, the firm will consider coverage of attorney's fees on a case by case basis.

7. <u>Employment Termination</u>.  Walsh agrees to waive and release any right to commence or renew his professional association with Goldman Sachs or any of its parent, subsidiary or affiliated entities (collectively, the "Goldman Sachs Group"), whether as an employee, consultant, independent contractor, or otherwise, and agrees that Goldman Sachs will not retain him in any such capacity.  Walsh further agrees that he will not at any time in the future apply for or accept employment or other professional association with the Goldman Sachs Group.  In the event that he breaches this provision, Walsh understands that his application will be rejected.  However, in the event that he becomes employed or otherwise retained by the Goldman Sachs Group, he understands that he will be subject to summary dismissal or discharge without any resulting tort, contract or other liability to the Goldman Sachs Group.  Notwithstanding anything herein to the contrary, Walsh shall not be in violation of the provisions of this paragraph:  (1) should he become employed by the Goldman Sachs Group as a consequence of its acquisition of an entity for which he is then working; or (2) should he become professionally associated with the Goldman Sachs Group as a consequence of a contract or subcontract between the Goldman Sachs Group and an entity for which he is working, as long as, in connection with that contract or subcontract, Walsh does not work at any office of the Goldman Sachs Group or under the control or direction of any employee of the Goldman Sachs Group.

8. <u>Severability and Survival of Provisions</u>.  In the event that one or more of the provisions, or portions thereof, of this Agreement are determined to be invalid or unenforceable for any reason, the remainder of this Agreement shall be unaffected and shall

remain in full force and effect to the fullest extent permitted by law; provided, however, that if any court or arbitrator finds that the waiver and release of claims (or any part thereof) referred to herein is unlawful or unenforceable, or was not entered into knowingly and voluntarily, Walsh agrees, at Goldman Sachs' option, either to return the consideration provided for herein or to execute a waiver and release in a form satisfactory to the firm that is lawful and enforceable.  Sections 4 and 6 will survive the termination of this Agreement and will remain in effect even if, for any reason, other parts of this Agreement are not enforceable.

9. <u>Interpretation</u>.  The headings used in this Agreement are for convenience only and shall not be deemed to control or affect the meaning or construction of any provision of this Agreement.  This Agreement has been fully negotiated by the parties and their counsel, and no provision of this Agreement shall be construed for or against either party on the basis that one or the other of the parties drafted the provision.

10. <u>Entirety of the Agreement</u>.  This Agreement is the entire understanding between Walsh and Goldman Sachs relating to the subject matter of this Agreement, and, after its Effective Date, the Agreement may not be modified or canceled in any manner, nor may any provision of it or any legal remedy with respect to it be waived, except by a writing signed by both Walsh and an authorized firm official.  In accepting these arrangements, Walsh acknowledges that the payments and other benefits offered pursuant to this Agreement constitute good and valuable consideration, and Walsh expressly waives any right or claim that he may have to payment for back pay, front pay, interest, bonuses, damages, accrued vacation and/or attorneys' fees.  Walsh represents that, other than the Lawsuit, he has not filed any action, complaint, charge, grievance or arbitration against the Group with respect to

events occurring prior to the date of this Agreement. Walsh understands and agrees that he is responsible for any taxes resulting from any payment made or benefit provided hereunder.

11. Governing Law and Jurisdiction. This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Each of the parties hereby agrees that all actions, suits, or other proceedings arising out of or relating in any way to this Agreement shall be brought only in the United States District Court for the Southern District of New York. Each party irrevocably and unconditionally submits to the exclusive jurisdiction of the United States District Court for the Southern District of New York and to any appellate court from such court in any suit, action, or proceeding arising out of or relating to this Agreement. With respect to such suit, action, or proceeding, each party irrevocably waives, to the fullest extent permitted by law, the right to object that such court does not have jurisdiction over such party.

12. Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the date and year stated above.

_____
Michael Walsh

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc.

By _____